UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BERNADINE E. MATTHEWS,

    Plaintiff,

v.                                        Case No.: 10-CV-440

WAUKESHA COUNTY,
DEBBIE RAPP,
RENEE GAGE,
ABC INSURANCE COMPANY
and XYZ INSURANCE COMPANY,

    Defendants.

---

**STIPULATION, CONFIDENTIALITY AGREEMENT AND
PROTECIVE ORDER REGARDING MEDICAL RECORDS
AND UNREDACTED JOB APPLICATIONS**

---

    Plaintiff, Bernadine E. Matthews and defendants, Waukesha County, Debbie Rapp and Renee Gage, by their attorneys, hereby stipulate and agree to the following terms of confidentiality and request that the following Protective Order be entered by the court in the above-entitled action:

    1.    The following documents are to be handled as confidential and subject to this Protective Order:

        a.    Bernadine Matthews' Social Security records;

        b.    Bernadine Matthews' medical records;

        c.    Unredacted applications for Economic Support Specialist and Economic Support Supervisor positions in the possession of Bernadine Matthews and/or her attorneys.

2. Signing of this Protective Order does not waive any party's arguments regarding the production of such documents or the admissibility of such documents into evidence at trial.

3. In the event that documents are produced for inspection at a party's facility, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information shall then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There shall be no waiver of confidentiality by the inspection of confidential documents by either party before they are copied and marked confidential pursuant to this procedure.

4. Information or documents designated as confidential under this Protective Order shall not be used or disclosed by the parties or counsel for the parties nor any other persons identified in Subparagraph (5) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals, if any).

5. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

    a. Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be advised of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

    b. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person shall agree to be bound by the terms of this rule.

d. Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert shall be informed of and agree to be subject to the provisions of this rule.

6. Counsel for the parties shall keep all documents designated as confidential under this Protective Order secure within their exclusive possession and shall place such documents in a secure area.

7. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this rule, or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

8. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court, reveal or tend to reveal information claimed to be confidential, these papers or transcripts shall be affixed with the word "CONFIDENTIAL." Portions of depositions that are deemed confidential must be designated as such when the deposition are taken.

9. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or portion thereof shall be filed under seal by the filing party.

3

10. At the conclusion of the litigation, all material not received in evidence and treated as confidential under this rule shall be returned to the originating party. The originating party, upon request, shall be entitled to a certificate that all such information has been returned.

Dated this 18th day of February, 2011.

GINGRAS, CATES & LUEBKE, S.C.
Attorneys for plaintiff

BY: s/ Paul A. Kinne
PAUL A. KINNE (#1021493)
E-mail: kinne@gcllawyers.com

Dated this 25th day of February, 2011.
.

CRIVELLO CARLSON, S.C.
Attorneys for defendants

BY: s/Mary E. Nelson
RAYMOND J. POLLEN (#1000036)
E-mail: rpollen@crivellocarlson.com
MARY E. NELSON (#1000518)
E-mail: mnelson@crivellocarlson.com