# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BERNADINE E. MATTHEWS**

    Plaintiff,

                   Case No. 10-C-440

  -vs-

**WAUKESHA COUNTY,**
**DEBBIE RAPP,**
**RENEE GAGE,**
**ABC INSURANCE COMPANY,**
**and XYZ INSURANCE COMPANY,**

    Defendants.

## DECISION AND ORDER

    The parties filed for the Court's consideration, a stipulation, confidentiality agreement, and protective order relating to Plaintiff Bernadine Matthew's ("Matthews") Social Security records, medical records, and unredacted applications for Economic Support Specialist and Economic Support Supervisor positions in the possession of Matthews and or her attorneys. Having reviewed the proposed protective order, the Court concludes that it does not comply with the controlling case law governing such orders and must be revised. The parties may find that reference to the sample protective order set forth in Civil Local Rule 26(e) (E.D. Wis.) is helpful to the process of drafting an acceptable protective order.

However, the Court will highlight some key flaws in the protective order. In order to issue a protective order, the Court must have sufficient facts to make an independent determination that good cause exists. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins.* Co., 178 F.3d 943, 944-45 (7th Cir. 1999); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). In determining whether good cause exists to issue a protective order prohibiting the dissemination of documents or other materials obtained in discovery, the movant must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). Although the protective order contains some facts, the proposed protective order does not mention good cause and there are insufficient facts to establish what the contents are of the employment applications that the parties believe require redaction.

Additionally, *Citizens*, 178 F.3d at 945, specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id*. Here, the proposed order contains no such language.

Paragraph nine of the proposed protective order also is problematic because it provides that the confidential material "shall be filed under seal by the filing party." *See Citizens*, 178 F.3d at 945 (holding that the protective order was invalid because "it [was] not limited to pretrial discovery; it seal[ed] the documents covered by it even after they [were] introduced at trial.") When materials that the parties have been deemed confidential

-2-

during discovery are filed, the Court must again consider whether there is good cause to seal the documents. *Id*. *See also*, *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007). For the foregoing reasons, the Court will not approve the proposed protective order filed on March 7, 2011.

Dated at Milwaukee, Wisconsin, this 9th day of March, 2011.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**