**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

BERNADINE E. MATTHEWS,

        **Plaintiff,**

v.                                                    Case No. 10-C-440

WAUKESHA COUNTY,
DEBBIE RAPP,
ABC INSURANCE COMPANY, and
and XYZ INSURANCE COMPANY,

        **Defendants.**

## DECISION AND ORDER

        This Decision and Order addresses the Civil Local Rule 7(h) motion to compel discovery filed by the Plaintiff, Bernadine E. Matthews ("Matthews"). Some background regarding the nature of this action is necessary to the resolution of the motion to compel.

        Matthew's racial employment discrimination action against the Defendants, Waukesha County ("County") and Debbie Rapp ("Rapp"), arises out of Matthews' unsuccessful January 2006, application for a job vacancy as an Economic Support Specialist ("ESS") with the County Department of Health and Human Services.[1] Matthews asserts

---

[1] The scope of the action was narrowed on August 24, 2011, when by stipulation of the parties, Defendant Renee Gage, a senior human resources analyst employed by the County, was dismissed from the action and Matthews' claim relating to the filling of the Economic Support Supervisor position was also dismissed. (*See* ECF No. 24.)

violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, against the County (first cause of action); 42 U.S.C. § 1981 against the County and Rapp (second cause of action); and, the Equal Protection Clause of the Fourteenth Amendment under 42 U.S.C. § 1983 against the County and Rapp (third cause of action).

By her motion, Matthews wants to compel the Defendants to produce a copy of all documents sent to or received from the Department of Justice ("DOJ") regarding Waukesha County's employment practices and policies from January 1, 2005, through the present, and to reconvene the deposition of Jim Richter ("Richter"), Waukesha County's labor relations manager, so that he can answer questions regarding those documents.

In opposition, the Defendants maintain Matthews has not identified with sufficient specificity the type of information she is requesting and does not already have. They also contend that she does not explain the relevance of information that is unrelated to the ESS position for which she applied.

As stated in the Court's March 1, 2012, Decision and Order in this action, the scope of discoverable evidence is broad. Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir.2004)(quoting Fed. R. Civ. P. 26(b)(1)).

Matthews' claim under § 2000e *et seq.* is expansive. An action can be maintained under 42 U.S.C. § 2000e-2(a)(1) for an employer's discrimination against any individual because of an individual's race or color under 42 U.S.C. § 2000e-2(a)(2) for an employer's classification or segregation of employees or applicants for employment in any way which deprives an individual of employment opportunities, because of such individual's race or color. Matthews' Complaint alleges that "the facts set forth in . . . this Complaint constitute intentional or deliberately indifferent racially motivated disfavoring of . . . Matthews and other African-American applicants . . . and favoring of non-African-American applicants." (Compl. ¶ 19) (emphasis added). Matthews' inclusion of harm to others as evidence of discrimination and her use of the continuous verb tense ("favoring"/"disfavoring") indicate that she either intends to use evidence of discriminatory patterns or practices as evidence to support her own claim or that she may raise such claims at trial.

Matthews also alleges a § 1983 claim against the County and Rapp. She alleges that Rapp was acting under color of state law and "in the scope of her duties" within the meaning of Wis. Stat. § 895.46. (Compl. ¶¶ 3-4.) To establish liability under § 1983, Matthews must establish that Rapp acted under color of state law and she was a municipal policymaker with final authority, or that she acted pursuant to the County's policy, practice, or custom of discrimination, as required for municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). *See Waters v. City of*

3

*Chicago*, 580 F.3d 575, 580 (7th Cir. 2009); *Sims v. Mulcahy*, 902 F.2d 524, 539 n. 8 (7th Cir. 1990).

Given the breadth of the Complaint's allegations, this Court concludes that the information sought by Matthews is relevant. Moreover, it is adequately defined. Additionally, Matthews is entitled to question Richter regarding those documents. Four additional hours of deposition should be adequate to complete that questioning. If Matthews requires more time she should confer with the Defendants to reach an agreement regarding the amount of additional deposition time.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Matthews' expedited non-dispositive motion to compel (ECF No. 60) is **GRANTED**;

The Defendants must produce responsive materials **no later than May 31, 2012**; and,

Richter's deposition **MUST BE RECONVENED** for up to four additional hours of questioning between June 4, and June 14, 2012.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2012.

**BY THE COURT**:

_____

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**